J. W. Riviere, en su carácter de Síndico de la White Star Bus Line, Inc., peticionario, *v.* Corte de Distrito de San Juan, Hon. Jorge L. Córdova, Juez, demandada.

Núm. 1294.—*Sometido:* Julio 6, 1942. *Resuelto:* Julio 21, 1942.

*Fiddler, McConnell & González (F. Fernández Cuyar y Carlos V. Dávila,* abogados de la White Star Bus Line en la petición de *certiorari*), abogados del Síndico, peticionario; *Ortiz Toro & Ortiz Toro y E. Beléndez García,* abogados de los interventores, demandantes en el pleito principal.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

El 27 de mayo de 1939, Salvador Font, por sí y en representación de su menor hija, María Armanda Font, radicó una demanda en la Corte de Distrito de San Juan contra la White Star Bus Line, Inc.

En la misma se alegaba que su hija había sufrido lesiones al ser arrollada por un autobús de la corporación demandada el día 29 de noviembre de 1937, y bajo tres causas de acción distintas se trataba de recobrar:

*Primero:* los daños y perjuicios sufridos por la menor en el alegado accidente.

*Segundo:* los gastos de medicinas y asistencia médica incurridos por el padre de la menor para la atención de su hija por las lesiones sufridas con motivo de dicho accidente.

*Tercero:* los daños por las angustias morales y mentales sufridas por Salvador Font, el padre, como consecuencia del accidente ocurrido a su hija.

La corporación demandada formuló excepciones previas contra la segunda y tercera causas de acción por estar las mismas prescritas, y la corte de distrito las declaró con lugar en cuanto a ambas.

María Armanda Font, radicó entonces una demanda enmendada, adicionando a su causa de acción original, la reclamación de los mismos gastos de medicinas y asistencia médica que su padre alegó haber pagado y que reclamó me-

diante la segunda causa de acción que fué declarada extinta por prescripción.

Solicitada la eliminación de aquella parte de la demanda enmendada en que se reclamaban los honorarios médicos, la corte inferior la declaró sin lugar, mediante resolución que lee como sigue:

"Visto el caso de *Gigante* v. *Alvarez*, 48 D.P.R. 498, se declara sin lugar la moción eliminatoria de la demandada, y se concede a ésta un término de cinco días para contestar la demanda."

Solicitó la demandada, la reconsideración de la anterior resolución, la que fué denegada por otra que lee así:

"No vemos razón para reconsiderar nuestra resolución declarando sin lugar la moción eliminatoria de la demandada. En la demanda original la menor demandante adujo una buena causa de acción por daños y perjuicios, y reclamó $10,000 por concepto de daños generales. El padre de la menor demandante reclamó ciertos daños adicionales en otras causas de acción que fueron consideradas insuficientes al ser excepcionadas. No vemos por qué la situación de la menor demandante ha de considerarse empeorada por el hecho de que su padre hiciera una reclamación defectuosa, ni por qué no debe considerarse el caso tal y como si el padre no hubiese hecho reclamación alguna. Si ello es así, parece claro que la demandante puede enmendar su demanda, para alegar daños especiales en adición a los generales alegados. Y que puede reclamar los daños especiales cuya eliminación interesa la demandada está resuelto en *Gigante* v. *Álvarez*, 48 D.P.R. 498."

No conforme con la resolución, la corporación demandada radicó la presente petición de *certiorari,* alegando que la resolución recurrida "no está de acuerdo con las prescripciones de la ley y es errónea, como cuestión de procedimiento, alegando además la querellante que el único remedio de que dispone, en vista de las circunstancias concurrentes, es el presente recurso de certiorari, ya que carece de otro remedio legal que resulte rápido, adecuado y eficaz y ya que la resolución impugnada no es apelable de acuerdo con la ley, y que de conceder la corte de distrito una suma englobada

como compensación, no podrá deducirse la partida de daños correspondiente a honorarios médicos.''

■ Convenimos con la peticionaria en que procede el recurso de certiorari porque se trata de un alegado error procesal y la resolución recurrida no es apelable.

■ La cuestión principal envuelta en este caso, es si se puede incluir en la demanda enmendada radicada a nombre de la menor, una causa de acción que originalmente perteneció al padre, que éste ejercitó en su propio nombre en la demanda original y que fué declarada prescrita y ordenada su eliminación de dicha demanda.

Conviene que hagamos un análisis del caso de *Gigante* v. *Alvarez,* 48 D.P.R. 498 que sirvió de base a la resolución recurrida para ver si la doctrina allí sentada por esta corte es de aplicación al presente.

En el caso de *Gigante,* éste demandó por sí y en representación de su hija menor por lesiones sufridas por ésta en un accidente. En la primera causa de acción reclamó los daños y perjuicios sufridos por la menor y además incluyó dentro de dicha causa de acción los honorarios médicos. En la segunda causa de acción que fué desestimada por insuficiencia de hechos, reclamó para sí los daños y perjuicios morales y mentales sufridos por él con motivo del accidente ocurrido a su hija.

Sostuvo la parte demandada que la acción para recobrar honorarios médicos correspondía al padre y no a la hija, y esta corte resolvió que ''si el padre incluye en la reclamación partidas que le corresponderían directamente, el menor queda autorizado para obtener su pago, sin que el padre pueda más tarde ejercitar una acción para reclamarlas.'' Y más adelante se dijo: ''En el presente caso Arturo Gigante incluye entre los daños ocasionados a su hija los gastos de medicina y asistencia médica que aparecen alegados en la primera causa de acción. Creemos, como la Corte Suprema

de Wáshington, que el Sr. Gigante no puede reclamar en el futuro esta suma, que además de haber sido alegada ha sido objeto de prueba. Nos parece acertada la conclusión, en vista de las alegaciones y la prueba, de que estos daños han sido renunciados por el padre en beneficio de la hija.''

En el caso de autos, en mayo 27 de 1939 o sea cerca de un año y cuatro meses después del accidente, el demandante Salvador Font, padre de la menor, reclamó para sí y no para la menor, la suma de $1,004.75, que alegó haber gastado él en tratamiento médico y medicinas para su hija. Y para explicar o excusar su dilación en iniciar su acción, alegó haber estado ausente de la isla, en los Estados Unidos, desde marzo 23 de 1938 hasta abril 6 de 1939. Desde la fecha de radicación de la demanda hasta el día 4 de septiembre de 1940, fecha en que la corte inferior declaró prescrita la acción, el demandante Salvador Font estuvo reclamando para sí el importe de los gastos por honorarios médicos y medicinas. No puede sostenerse, por tanto, que con anterioridad a septiembre 4, 1940 el importe de dichos gastos fuera renunciado por el padre a favor de la hija, siendo inevitable la conclusión de que si alguna renuncia hizo el padre a favor de la hija, la hizo con posterioridad a la resolución declarando prescrita la acción.

¿Podría el demandante revivir una acción, extinta por sentencia firme de una corte de justicia, con sólo traspasarla o renunciarla a favor de la menor, para que ésta pudiese alegar la interrupción de la prescripción por su minoridad? Seguramente no. Si permitiésemos el uso de tales subterfugios, para evadir o anular el efecto de una resolución o sentencia, estaríamos dando nuestra aprobación a una práctica que debemos rechazar como indeseable. La corte inferior erró al declarar sin lugar la moción de la demandada para que se eliminase el párrafo 9 de la demanda enmendada.

*Debe anularse la resolución recurrida, dictada en junio 11 de 1941, y devolverse el caso a la corte inferior para ulteriores procedimientos no inconsistentes con esta opinión.*